In The United States District Court
For The Southern District of Georgia
Statesboro Division

Braja Pandit Smith,
    Plaintiff,

v.

COII Anderson; Lt. Terry Moyett;
and COI Clemens,
    Defendants.

CV614-23

## I. Jurisdiction And Venue

1. This is a civil action authorized by 42 U.S. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. Section 1331 and 1343(a)(3). Plaintiff Smith claims for injunctive relief are authorized by 28 U.S.C. Section 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. The Southern District of Georgia is an appropriate venue under 28 U.S.C. Section 1391(b)(2) because it is where the events giving rise to this complaint occured.

## II. Plaintiff

3. Plaintiff, Braja Pandit Smith, is and at all times mentioned herein a prisoner of the State of Georgia in the custody of the Georgia Department of Corrections. He is currently in Georgia State Prison, in Reidsville, Georgia.

## III. Defendants

4. Defendant, Anderson is a correctional officer of the Georgia Department of Corrections who, at all times mentioned in this complaint, held the rank of COII and was assigned to Georgia State Prison.

5. Defendant, Terry Moyett is a correctional officer of the Georgia Department of Corrections who, at all times mentioned in this complaint, held the rank of Lieutenant and was assigned to Georgia State Prison.

6. Defendant, Clemens is a correctional officer for the Georgia Department of Corrections who, at all times mentioned in this complaint, held the rank of CoI and was assigned to Georgia State Prison.

## IV Facts

7. On 11·6·12 CoII Anderson used unnecessary excessive force when he attacked me for no reason while he was escorting me back to my cell while I was returning from the physciatrist in ACU or "suicide watch". After I talked to the mental health doctors CoII Anderson came to take me back to my cell. I was in handcuffs being led to my cell while Anderson held my elbow. Upon exiting the doctors office I noticed several pieces of mail I had recieved while in ACU swept into a large pile of trash. I then reached down to retrieve my paperwork when Anderson viciously yanked me to my feet causing the handcuffs to cut into my wrist to the bone. I then instinctively pulled away from him when he punched me in the mouth with all his power splitting my bottom lip very bad. Seeing this did not knock me out he then attempted to strike me with a combination of punches which I dodged. He then grabbed me and tried to throw me to the ground. I had to grab on to his belt to prevent him from slamming me on my face. At this time Lt. Terry Moyett came to his aid in assaulting me.

8. On 11·6·12 Lt. Terry Moyett, after witnessing CoII Anderson attack me came to his aid and helped slam me onto the tile floor onto my side. Lt. Moyett then climbed over me and placed a vice grip hold on my windpipe cutting off my breathing while he was staring into my eyes and telling me to "calm down, calm down". He did not release his choke hold until Sgt. Worthen and others came running into D-W-2 with camera's out to record the action. I was yanked to my feet by the handcuffs and taken to medical where my injuries were cleaned and pictures taken. My bottom lip was deeply cut but stitches were not given, several bottom teeth were loose, and I

suffered a number of scrapes and bruises from being thrown to the ground, my wrist was also cut from the handcuffs. These injuries remained healing for three whole weeks causing pain whenever I attempted to speak or eat and drink. Being in "ACU" I was dressed only in a tissue paper gown and handcuffed behind my back. When I was slammed on my side my hip knee and elbow took the brunt of the impact and remained bruised and sore. The officer working in the dorm DW-2 at the time was COI Clemens who witnessed the entire incident yet refused to aid me. As I was returned to my cell I asked her if she would be my witness but she said she didn't want no parts of it. Ten minutes later I was removed from DW-2 and placed in G4 cell #2. I immediately requested a grievance form yet could not turn it in until the dorm counselor made rounds which was on 11-14-12. Disciplinary Hearing Officer Miesha Shedrick came to my cell and informed me I had a disciplinary report from Anderson signed by Lt. Moyatt for assault on a officer. I explained to her what actually happened but was still found guilty because she did not review the camera which was my only impartial witness. All of this was part of the conspiracy to cover up this incident I appealed my disciplinary but it was denied. (see exhibits 12, 17, 18 and 16 from civil action no.: CV613-115)

9. On 11-6-12 COI Clemens was working D-West 2 "ACU" and was standing only a few feet away when Anderson and Moyatt jumped on me. The entire incident lasted about 120 seconds maybe one minute more but it was enough time to at least tell them to stop which she did not. The entire incident was captured on DW-2 digital camera between 7am-9am.

## V. Exhaustion of Legal Remedies

7. Plaintiff Smith used the prisoner grievance procedure available at Georgia State Prison to try and solve these problems. On _____ Plaintiff presented a short complaint. On _____ plaintiff Smith recieved a response saying the matter would be investigated. Plaintiff appealed and never recieved a response. Plaintiffs grievances and exhibits concerning this incident was turned in to the Court with civil action no.: CV613-115.

8. Although Plaintiff appealed he never recieved a copy of his appeal all records must be kept at the institution for two years so all facts alleged by Plaintiff in this complaint can be obtained upon Discovery.

## VI. Legal Claims

9. Defendant Anderson used excessive force against Plaintiff Smith when he punched him in the mouth while Smith was handcuffed behind his back and not violating any rules or being disruptive. Defendant Anderson is in violation of Plaintiff Smiths rights under the 8th Amendment of the United States Constitution and caused Plaintiff Smith pain, suffering, physical injury and emotional distress.

10. Defendant Terry Moyett, used excessive force against Plaintiff Smith when after witnessing Anderson attack Plaintiff Smith while he was handcuffed, helped Anderson slam Plaintiff Smith to the ground then began choking him by squeezing his windpipe tight as he could. Defendant Moyett is in violation of Plaintiffs Smith's rights under the 8th Amendment of the United States Constitution and caused Plaintiff Smith pain, suffering, physical injury and emotional distress.

11. Defendant Clemens by witnessing Anderson and Moyett attack Plaintiff

Smith and refusing to attempt to correct their illegal actions is in violation of Plaintiff Smiths rights under the 8th Amendment of the United States Constitution and caused Plaintiff Smith pain, suffering, physical injury and emotional distress.

## VII. Prayer For Relief

12. WHEREFORE, Plaintiff respectfully prays that this Court enter judgement granting Plaintiff:

13. Granting Plaintiff Smith a Declaration that the acts and ommissions described herein violate his rights under the Constitution and the laws of the United States, and a preliminary and permanent injunction ordering Defendants to ~~14. Granting Plaintiff Smith com~~ cease their physical violence and harrassment toward Plaintiff Smith

14. Granting Plaintiff Smith compensatory damages in the amount of $50,000.00 against each Defendant jointly and severally in both their individual and official capacities

15. Granting Plaintiff Smith punitive damages in the amount of $50,000.00 against each Defendant jointly and severally in both their individual and official capacities

16. Plaintiff also seeks a jury trial on all issues triable by jury

17. Plaintiff also seeks recovery of the cost of this suit, and any additional relief this Court deems just, proper, and adequate and equitable.

Dated: 3- -14

Respectfully Submitted
Braja Pandit Smith #953055
Georgia State Prison
2164 GA. HWY-147
Reidsville Ga. 30499

5.

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed on March 18 2014

*Braja Smith*
BRAJA PANDIT SMITH
PRO-SE PLAINTIFF

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the opposing parties to this action with a true and correct copy of the within and foregoing 1983 Civil Action Complaint by placing a copy of same in the United States Mail, with adequate postage thereon to ensure prompt delivery, and addressing to:

Office of the Clerk, United States District Court
Southern District of Georgia, P.O. Box 1636, Brunswick, Ga. 31521

This 18th day of March 2014