# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

BRAJA PANDIT SMITH,

    Plaintiff,

v.                                       CIVIL ACTION NO.: CV614-023

CO II ANDERSON; LT. TERRY
MOYETT; and CO I CLEMENS,

    Defendants.

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Georgia State Prison in Reidsville, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 to contest certain conditions of his confinement. Defendants Anderson and Moyett ("Movants") filed a Motion to Dismiss. Plaintiff filed a Response, and Movants filed a Reply. For the reasons which follow, Movants' Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff contends that Defendant Anderson used excessive force against him without reason when Defendant Anderson escorted Plaintiff to his cell while he was handcuffed. According to Plaintiff, he bent over to retrieve some mail when Defendant Anderson "viciously yanked" him to his feet, which caused the handcuffs to cut his wrists "to the bone." (Doc. No. 1, p. 2). Plaintiff asserts that Defendant Anderson punched him in the mouth, causing his lip to bleed. Plaintiff also asserts that Defendant Anderson tried to throw him to the ground, but he was able to grab Defendant

AO 72A
(Rev. 8/82)

Anderson's belt to prevent his face from being slammed to the ground. Plaintiff alleges that Defendant Boyett began assaulting him at this point. Plaintiff notes that Defendant Boyett placed him in a choke hold. Plaintiff avers that Defendant Clements witnessed this entire event and did nothing to intervene.

Movants assert that Plaintiff cannot proceed *in forma pauperis* in this case pursuant to 28 U.S.C. § 1915(g). Movants also assert that Plaintiff cannot sustain monetary damages claims against them in their official capacities. Finally, Movants assert that Plaintiff cannot obtain his requested injunctive relief.

## **DISCUSSION AND CITATION TO AUTHORITY**

Movants contend that Plaintiff has filed at least three (3) lawsuits prior to this one which were dismissed as being frivolous, malicious, or failed to state a claim. As a result, Movants assert that Plaintiff cannot proceed *in forma pauperis* in this cause of action because he has not met the imminent danger exception to section 1915(g).

A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury[.]

28 U.S.C. § 1915(g). This provision of the PLRA "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and

2

AO 72A
(Rev. 8/82)

appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

The Eleventh Circuit upheld the constitutionality of section 1915(g) in Rivera. In so doing, the Court concluded that section 1915(g) does not violate an inmate's rights to access to the courts, to due process of law, or to equal protection, or the doctrine of separation of powers. Rivera, 144 F.3d at 721-27. If Plaintiff has filed three previously dismissed cases or appeals which qualify as strikes under section 1915(g), Plaintiff may not proceed *in forma pauperis* in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to § 1915(g).

A review of Plaintiff's history of filings reveals that he has brought at least three civil actions or appeals which were dismissed and count as strikes under § 1915(g): (1) Smith v. Owens, CV5:12cv292 (M.D. Ga. Mar. 3, 2013) (dismissed for failure to exhaust his administrative remedies[1]); (2) Smith v. Owens, CV612-107 (S.D. Ga. May 29, 2013) (motion to dismiss granted based on Plaintiff's failure to state a claim); and (3) Smith v. Owens, CV613-2 (S.D. Ga. June 10, 2013) (motion to dismiss granted based on Plaintiff's failure to state a claim). Plaintiff cannot claim that he should be excused from prepaying the filing fee because of the "imminent danger of serious physical injury" exception to § 1915(g). In order to come within the imminent danger exception, the inmate must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). As noted by the Court, "a prisoner's allegation that he faced imminent danger sometime in the past is an

---

[1] Dismissal of a prior suit for failure to exhaust administrative remedies counts as a strike under § 1915(g). Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998).

3

insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute." Id.

In this Complaint, Plaintiff contends that Defendant Anderson used excessive force against him without reason when Defendant Anderson escorted Plaintiff to his cell while he was handcuffed. According to Plaintiff, he bent over to retrieve some mail when Defendant Anderson "viciously yanked" him to his feet, which caused the handcuffs to cut his wrists "to the bone." (Doc. No. 1, p. 2). Plaintiff asserts that Defendant Anderson punched him in the mouth, causing his lip to bleed. Plaintiff also asserts that Defendant Anderson tried to throw him to the ground, but he was able to grab Defendant Anderson's belt to prevent his face from being slammed to the ground. Plaintiff alleges that Defendant Boyett began assaulting him at this point. Plaintiff notes that Defendant Boyett placed him in a choke hold. Plaintiff avers that Defendant Clements witnessed this entire event and did nothing to intervene.

The undersigned notes Plaintiff's contention that, in all three (3) of the cases Movants cite, he was allowed to proceed *in forma pauperis,* and his complaints survived the initial screening process. Thus, Plaintiff asserts, these cases should not constitute "strikes" under § 1915(g). However, Plaintiff's contentions in this regard overlook the fact that, a court cannot necessarily discern from the face of a prisoner's complaint whether he has exhausted his administrative remedies prior to the filing of his complaint. In addition, the Eleventh Circuit has upheld a district court's determination that a dismissal based on the plaintiff's failure to prosecute constitutes a strike under § 1915(g). Allen v. Clark, 266 F. App'x 815 (11th Cir. 2008). A dismissal for failure to prosecute typically cannot occur before or during the initial screening process. In other

4

words, the initial screening process is not always the operative time period for § 1915(g) purposes.

At the time this Complaint was filed, Plaintiff had brought at least three cases or appeals which constitute strikes under § 1915(g). Plaintiff has not shown how he was in imminent danger of serious physical injury at the time he filed this Complaint on April 7, 2014. Plaintiff should not be considered to meet the exception to the three strikes rule. This portion of Movants' Motion should be **granted**. It is unnecessary to address the remaining portions of Movants' Motion to Dismiss.

The undersigned's Orders dated April 8, 2014, and June 4, 2014, (doc. nos. 3, 8, and 9), are **vacated**. Plaintiff's Motion to Proceed *In Forma Pauperis* is **DENIED**. Plaintiff's Complaint should be **dismissed**, without prejudice. If Plaintiff wishes to proceed with this action, he should be required to submit a complaint along with the full filing fee.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Movants' Motion to Dismiss be **GRANTED** and that Plaintiff's Complaint be **DISMISSED**, without prejudice.

**SO ORDERED and REPORTED and RECOMMENDED**, this 28th day of October, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE